UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD JACKSON,

    Plaintiff,

v.                                                          Case No.:   2:21-cv-910-SPC-MRM

MICHAEL FIORUCCI, MARK S. INCH and DESOTO MEMORIAL HOSPITAL,

    Defendants.

_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Ronald Jackson's Complaint for Violation of Civil Rights (Doc. 1). Jackson—a prisoner of the Florida Department of Corrections (FDOC)—files suit under 42 U.S.C. § 1983. The Court screens the Complaint under 28 U.S.C. § 1915A.

Jackson claims Dr. Michael Fiorucci, a surgeon at DeSoto Memorial Hospital, botched a hernia surgery by cutting his bladder, then did not inform Jackson before discharging him. Jackson asserts FDOC Secretary Mark Inch is liable because he is "responsible for the care, custody, and control over

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiff." (Doc. 1 at 12). These allegations fail to state a claim upon which this Court can grant relief.

Jackson's claim against Inch fails because he does not allege Inch himself violated Jackson's civil rights. Instead, Jackson sues Inch because he has ultimate supervisory authority over FDOC. It is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the acts of their subordinates. *Keith v. DeKalb Cty, Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014).

Jackson's claims against Fiorucci and DeSoto Memorial Hospital also fail. "§ 1983 claims can only be brought against persons acting under color of state law." *Kelly v. Broward Sheriff's Office*, 560 F. App'x 818, 820-21 (11th Cir. 2014) (cleaned up). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Kelly*, 560 F. App'x at 821 (citation omitted). Jackson does not allege one of these rare circumstances. *see Brino v. JFK Med. Ctr. Ltd. P'ship*, 766 F. App'x 921, 922-23 (11th Cir. 2019). To the extent Jackson's Complaint alleges a state-law claim for medical malpractice or negligence, it must be filed in state court because it does not appear diversity jurisdiction exists here.

Accordingly, it is now

**ORDERED:**

Plaintiff Ronald Jackson's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**. If Jackson has a § 1983 claim against state officials, he may file a new complaint, which will receive a new case number.

**DONE** and **ORDERED** in Fort Myers, Florida on December 10, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3